UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| LISA N. McCLELLAN | ) | |
| | ) | |
| V. | ) | NO. 2:13-CV-199 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security | ) | |

<u>REPORT AND RECOMMENDATION</u>

This matter has been referred to the United States Magistrate Judge under the standing orders of the Court for a report and recommendation regarding the Motion [Doc. 28] for an award of attorneys fees to the plaintiff under the Equal Access to Justice Act ("EAJA"), 28 U. S.C. § 2412(d)(1)(A). The defendant does not oppose the amount of the fees sought or the amount of costs. The defendant does oppose the plaintiff's request to pay the EAJA fees directly to the plaintiff's attorney.

The plaintiff's case was recently remanded by the District Judge to the defendant for further administrative review. While this fact makes plaintiff entitled to fees under the EAJA, attorney fees under the Social Security Act itself can only be awarded if the plaintiff is ultimately awarded benefits. Should the plaintiff be awarded past due benefits, counsel will be required to refund whichever fee is smaller; either the fee under the EAJA, or the fee under the Social Security Act.

In order to be entitled to an award of attorney fees and expenses under the Equal Access to Justice Act, all of the conditions set forth in 28 U.S.C. § 2412(d)(1)(A), (B) must be met. These are that:

    (1)    the party seeking the fees is the "prevailing party" in a civil action brought by or against the U.S.,

    (2)    an application for such fees, including an itemized justification for the amount

requested, is timely filed within 30 days of final judgment in the action,

(3)     the position of the government is not substantially justified and

(4)     no special circumstances make an award unjust.

The Magistrate Judge finds that all of these factors are met in this case.

An affidavit of the hours expended by plaintiff's counsel and the costs incurred has been submitted. The undersigned finds both to be reasonable.

Under the authority of *Astrue v. Ratliff*, 560 U.S. 586 (2010), an award of fees under the EAJA belongs to the plaintiff and is subject to an offset to satisfy any pre-existing debt owed by plaintiff to the government. In their response [Doc. 29] the defendant states that if the Court orders an award of fees to plaintiff, "a determination of whether Plaintiff owes a debt to the Government will be made. The Commissioner will then determine whether to honor Plaintiff's assignment of EAJA fees to her attorney." The Commissioner is requested to act with alacrity in making these determinations.

Subject to the foregoing, it is recommended that the plaintiff's Motion be GRANTED, and that plaintiff be awarded EAJA fees in the amount of $4,126.00, and costs in the amount of 400.00.[1]

Respectfully recommended:

s/ Dennis H. Inman
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947-950 (6th Cir. 198l); 28 U.S.C. § 636(b)(1)(B) and (C).